CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
NOV 2 7 2007
JOHN F. CORCORAN, CLERK
BY: DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| RAYMOND CSIKORTOS, II,<br>    Petitioner, | Civil Action No. 7:07cv00476 |
| v. | MEMORANDUM OPINION |
| UNITED STATES OF AMERICA,<br>    Respondent. | By: Samuel G. Wilson<br>United States District Judge |

Petitioner, Raymond Csikortos, II, filed this 28 U.S.C. § 2255 motion challenging the validity of his conviction and sentence of 40 months incarceration followed by a term of 20 months supervised release, for violating the terms of his previously imposed supervised release. In his motion, Csikortos claims that (1) based on the definition Congress has given to the term "United States," he did not commit an "offense against the laws of the United States"; (2) the "United States of America" was not the proper party to his criminal action because it did not have standing and suffered no injury; and (3) his sentence exceeds the statutory maximum and, therefore, is illegal. The court finds that Csikortos' first two claims have no merit and, therefore, dismisses them. However, the court finds that his third claim may have merit and, therefore, directs the government to respond as indicated in this opinion.

I.

On August 16, 2002, a grand jury in the Western District of Virginia returned an indictment against Csikortos for conspiring to possess with the intent to distribute marijuana and cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Count 1); possessing a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count 10); and distributing marijuana, in violation of 21 U.S.C. § 841(1)(1) and 18 U.S.C. § 2 (Count 12). Pursuant to a written plea agreement, Csikortos pled guilty to the conspiracy charge (Count 1), and the court dismissed the remaining counts. By Judgment entered June 5, 2003, the court sentenced Csikortos to 18 months incarceration to be

followed by 36 months supervised release.[1] Csikortos did not file an appeal.

Csikortos was released from federal custody on January 6, 2004, to a Frederick County Sheriff's Office detainer. On January 27, 2004, he was released from state custody. On March 7, 2005, this court issued an arrest warrant against Csikortos for violating the terms of his supervised release. On May 4, 2006, the arrest warrant was executed and Csikortos was taken into federal custody. The court held a hearing on October 4, 2006, during which Csikortos admitted to several violations to the terms of his supervised release. By Judgment entered October 16, 2006, the court revoked Csikortos' supervised release and sentenced him to 40 months incarceration to be followed by 20 months supervised release.[2] Csikortos did not appeal. However, he filed the instant habeas petition on October 3, 2007.

## II.

In claims 1 and 2, Csikortos argues that 18 U.S.C. § 3231 is ambiguous because it does not define the term "offenses against the laws of the United States." He argues that Congress has defined "United States" to mean "the individual states, the District of Columbia, the Commonwealth of Puerto Rico, Guam, and territories and possessions under the jurisdiction and control of the United States," and that it "does not include 'federal laws.'" He claims that because the statute is ambiguous, under the rule of lenity, the statute must be interpreted in his favor and, thus, his conviction be declared invalid

---

[1] This sentence was based on a downward departure in consideration of Csikortos' substantial assistance to the government. Statute provides that Csikortos was subject to a maximum of 20 years incarceration. See 21 U.S.C. § 841(b)(1)(C). Based on his total offense level of 13 and criminal history category of V, his guideline range of incarceration was 30 to 37 months incarceration. See U.S.S.G., Chapter 5, Part A. The United States made a motion for reduction of Csikortos' sentence based on substantial assistance, which the court granted and ultimately sentenced him to 18 months incarceration.

[2] Based on the Supervised Release Violation Report's ("SRVR") finding of a Grade B violation and his criminal history category of V, his guideline range was 18 to 24 months incarceration. See U.S.S.G. § § 7B1.3(a)(1) and 7B1.4(a). Based on the SRVR's erroneous classification of Csikortos' original conviction as a Class A felony, the SRVR indicated that, pursuant to 18 U.S.C. § 3583(e)(3), his maximum term of imprisonment was 5 years. However, because his original conviction carried a maximum term of imprisonment of 20 years, it was actually a Class C felony. 18 U.S.C. § 3559(a)(3). On a Class C felony, Csikortos cannot be required to serve more than 2 years incarceration upon the revocation of his supervised release. 18 U.S.C. § 3583(e)(3).

2

because he "did not commit an offense against the laws of the United States." He also takes issue with the fact that his criminal action was brought on behalf of the United States of America, as opposed to the United States, and claims that the United States of America was not the "proper party." Csikortos argues that there is "definitely" a difference between the terms "United States" and "United States of America." He claims that Congress has only granted the district courts, the United States Attorney, the FBI, and the United States Marshal authority to act on behalf of the United States, but not the United States of America and, therefore, all actions taken by these groups in his criminal case were invalid. Finally, Csikortos argues that the United States of America has no standing to bring a criminal action against him because the "United States of America" suffered no actual injury in his case.

The court finds that Csikortos' arguments have no merit.[3] There is no substantive difference between the United States and the United States of America with regard to federal law and its application in Csikortos' criminal case. Furthermore, the court finds no ambiguity in 18 U.S.C. § 3231 with regard to the meaning of "offenses against the laws of the United States." Clearly, the statute includes violations of federal laws. Accordingly, the court dismisses Csikortos' first two claims.

### III.

Csikortos also claims that his sentence of 40 months exceeds the maximum allowable sentence under 18 U.S.C. § 3583(e)(3). Csikortos was originally convicted of conspiring to possess with the intent to distribute marijuana and cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Pursuant to 21 U.S.C. § 841(b)(1)(C), this conviction carries a maximum penalty of 20 years incarceration.

---

[3] Moreover, these claims are procedurally defaulted. Csikortos could have raised these claims at trial or on direct appeal, but did not. To obtain review of these claims despite his procedural default, Csikortos must (1) show cause for failing to raise the claims and that he suffered prejudice for not raising the claims, or (2) establish that he is actually innocent and that a manifest injustice will occur if this court does not reach the merits of the claims. Bousley v. United States, 523 U.S. 614, 622-24 (1998); United States v. Frady, 456 U.S. 152, 166 (1982); McCoy v. United States, 266 F.3d 1245, 1258 (11th Cir. 2001). The court finds that Csikortos has not shown cause and prejudice nor does he assert actual innocence. Therefore, claims one and two are procedurally defaulted.

Accordingly, it is a Class C felony. 18 U.S.C. § 3559(a)(3). On a Class C felony, Csikortos can not be required to serve more than two years incarceration upon the revocation of his supervised release. 18 U.S.C. § 3583(e)(3). Since the court sentenced him to a total of 40 months, and the maximum allowable was 24 months, it appears his claim has merit. However, it also appears that his claim may be procedurally defaulted based on Csikortos' failure to raise the issue on direct appeal, unless Csikortos can show cause and prejudice excusing his default. Thomas v. Davis, 192 F.3d 445, 450 n.2 (4th Cir. 1999). Before evaluating whether Csikortos has shown cause and prejudice, the court asks the United States to review the merits of the case and respond as to whether it has any objection to the court entering an Amended Judgment in Csikortos' Criminal Case No. 5:02cr30061-002, reflecting that Csikortos total term of imprisonment shall be 24 months to be followed by no term of supervised release.[4]

## IV.

For the reasons stated herein, the court dismisses Csikortos claims 1 and 2 and directs the government to respond concerning claim 3.

ENTER: This 26th day of November, 2007.

United States District Judge

---

[4] Since the court proposes to amend its Judgment to reflect 24 months incarceration, the maximum allowable by statute, and because Csikortos was originally convicted prior to April 30, 2003, the court cannot impose a term of supervised release. On September 13, 1994, Congress amended 18 U.S.C. § 3583 by adding section (h), which specifically permits the imposition of additional supervised release following imprisonment for a violation of supervised release. Pub. L. No. 103-322, § 110505, 108 Stat. 2017. However, when Congress added section (h) in 1994, it limited the imposition of supervised release to those cases in which a district court imposed less than the full amount of imprisonment available upon revocation: "When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized under subsection (e)(3), the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment." Pub. L. No. 103-322, § 110505, 108 Stat. 2017. Effective April 30, 2003, Congress amended section (h) to permit additional supervised release even where the district court gives the full amount of imprisonment available. PROTECT Act, Pub. L. No. 108-21, § 101(2), 117 Stat. 651. However, since Csikortos was convicted prior to April 30, 2003, the later amendment was not yet effective and, thus, the court cannot impose a term of supervised release in this case.

4