CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 11 2007

JOHN F. CORCORAN, CLERK
BY:
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| RAYMOND CSIKORTOS, II,<br>    Petitioner, | Civil Action No. 7:07cv00476 |
| v. | **MEMORANDUM OPINION** |
| UNITED STATES OF AMERICA,<br>    Respondent. | By: Samuel G. Wilson<br>United States District Judge |

Petitioner, Raymond Csikortos, II, filed this 28 U.S.C. § 2255 motion challenging the validity of his conviction and sentence of 40 months incarceration followed by a term of 20 months supervised release, for violating the terms of his previously imposed supervised release. In his motion, Csikortos claimed that (1) based on the definition Congress has given to the term "United States," he did not commit an "offense against the laws of the United States"; (2) the "United States of America" was not the proper party to his criminal action because it did not have standing and suffered no injury; and (3) his sentence exceeded the statutory maximum and, therefore, was illegal. By previous Order, entered November 27, 2007, the court found that Csikortos' first two claims had no merit and, therefore, dismissed them. However, the court also found that his third claim may have merit and, therefore, directed the government to respond as to whether it had any objection to the court entering an Amended Judgment in Csikortos' Criminal Case No. 5:02cr30061-002, reflecting that Csikortos total term of imprisonment shall be 24 months to be followed by no term of supervised release.[1] The United States filed no objection within the allotted time and the court has now entered an Order directing the Clerk

---

[1] Csikortos' final remaining claim was that his sentence of 40 months exceeded the maximum allowable sentence under 18 U.S.C. § 3583(e)(3). Csikortos was originally convicted of conspiring to possess with the intent to distribute marijuana and cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Pursuant to 21 U.S.C. § 841(b)(1)(C), this conviction carried a maximum penalty of 20 years incarceration. Accordingly, it is a Class C felony. 18 U.S.C. § 3559(a)(3). On a Class C felony, Csikortos could not be required to serve more than two years incarceration upon the revocation of his supervised release. 18 U.S.C. § 3583(e)(3). Since the court sentenced him to a total of 40 months, and the maximum allowable was 24 months, the court found that it appeared his claim had merit.

1

of Court to enter the Amended Judgment. As that Amended Judgment has now been entered, the court finds that Csikortos' only remaining claim is now moot and, therefore, his petition must be dismissed.

## I.

Generally, "a case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." Powell v. McCormack, 395 U.S. 486, 496 (1969). Thus, when changes occur during the course of litigation that eliminate the petitioner's interest in the outcome of the case or the petitioner's need for the requested relief, the case must be dismissed as moot. See Friedman's Inc. v. Dunlap, 290 F.3d 191, 197 (4th Cir. 2002) ("[O]ne such circumstance mooting a claim arises when the claimant receives the relief he or she sought to obtain through the claim."). With regard to Csikortos' remaining claim, he requested that the court reduce his sentence to two years in order that it be within the statutory maximum. As his sentence has been reduced, the court finds that his claim is now moot.

## II.

For the reasons stated herein, the court finds that Csikortos' remaining claim is moot, and therefore, dismisses this action.

**ENTER**: This 11th day of December, 2007.

_United States District Judge_